UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOSEPH REUBEN,

                      Plaintiff,

          - against -

THE CITY OF NEW YORK *et al.*,

                      Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2728 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Joseph Reuben brings this action *pro se* after he was stabbed while detained at the Rikers Island jail complex by another incarcerated individual.[1] Named as Defendants are the City of New York; the New York City Department of Correction ("DOC"); and three individual corrections officers, two John Does and one Jane Doe, employed at the Anna M. Kross Center on Rikers Island. Plaintiff's Complaint, (Dkt. 1), alleges that Defendants violated his constitutional rights under 42 U.S.C. § 1983 ("Section 1983") by failing to protect him from the attack. Plaintiff's motion to proceed *in forma pauperis* ("IFP"), (Dkt. 2), is granted. Because Plaintiff is currently incarcerated at Auburn Correctional Facility, he will pay the statutory filing fee in monthly installments. (*See* Dkts. 3, 4.)[2] For the reasons stated below, the Complaint is dismissed

---

[1] For purposes of this Memorandum and Order, the Court assumes all factual allegations in the Complaint are true.

[2] If a plaintiff is unable to pay the filing fee to initiate a civil lawsuit, they may apply to proceed IFP. *See* 28 U.S.C. § 1915. For incarcerated litigants, IFP status does not waive the filing fee altogether but instead allows the litigants to pay the fee in installments over time. 28 U.S.C. § 1915(b). The IFP statute is designed to ensure "that indigent persons have equal access to the judicial system." *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010).

at this time; Plaintiff has thirty (30) days to file an amended complaint if he intends to proceed with this case.

## BACKGROUND

On April 20, 2023, at approximately 10:30 p.m., Plaintiff was attacked while he was detained at the Anna M. Kross Center on Rikers Island, in Dorm West, 17 Lower. Plaintiff was "on [his] bed when another incarcerated individual proceed[ed] to attack [him] with a weapon." (Compl., Dkt. 1, at 3–4.) Plaintiff "tried to flee from [the attacker] while yelling for help" to the officer on duty, but the officer "wasn't in the dorm." (*Id.* at 4.) "While trying to flee, [Plaintiff] fell, and that's when the individual began stabbing [him]." (*Id.*) After the attacker retreated, Plaintiff "made [his] way to the officer station" and "signal[ed] to the officer with [Plaintiff's] bloody shirt" because the officers were "still unaware of what happened." (*Id.*)

Plaintiff states that he suffered "serious and permanent" mental and physical injuries as a result of the attack. (*Id.*) He sustained six lacerations across his body, including his ribs and shoulders, and four of those lacerations required stitches. (*Id.* at 4–5.) Plaintiff has also experienced "emotional distress, insomnia, paranoia, embarrassment, and humiliation," and has undergone psychiatric treatment. (*Id.*) He seeks monetary damages. (*Id.* at 5.)

## LEGAL STANDARD

The Court is required to dismiss any complaint brought IFP if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A (requiring courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity" and dismiss upon the same determinations). To avoid dismissal for failure to state a claim, a complaint

must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, so the Court reads a plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments and claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) ("This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the Court must grant the *pro se* party the opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I. Claims Against the New York City Department of Correction

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."); *Lovanyak v. Cogdell*, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) ("Even

3

holding [plaintiff]'s allegations to a less stringent *pro se* standard, it is clear that in naming DOC as a defendant, he has sued a non-suable entity."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## II.     Claims Against the City of New York

To sustain a claim for relief under Section 1983 against a municipal defendant, such as the City of New York, a plaintiff must show: (1) the existence of an official municipal policy or custom, and (2) that the policy or custom directly caused plaintiff's constitutional rights to be deprived. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019).

Here, Plaintiff does not allege, and nothing in the Complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City of New York employee are attributable to a municipal policy or custom and that such policy or custom caused him to sustain a constitutional deprivation. Therefore, Plaintiff has not made the required showing to confer liability on the City of New York, and the claim against it is dismissed without prejudice. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## III.    Claims for Failure to Protect

Prison officials are required to "take reasonable measures to guarantee the safety of the inmates" at their facility, including by protecting them from "violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (citations omitted); *see also Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) (citing *Farmer*, 511 U.S. at 833).

Plaintiff alleges that three unidentified corrections officers failed to protect him from being attacked while he was incarcerated at Rikers Island. Although the Complaint does not state whether Plaintiff was a pretrial detainee at the time, the Court assumes for the purposes of this

4

Memorandum and Order that he was and therefore analyzes his constitutional claims under the Due Process Clause of the Fourteenth Amendment, which provides at least as many protections as the Eighth Amendment provides for post-conviction inmates, if not more. *See Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017).

A pretrial detainee asserting a failure-to-protect claim under the Fourteenth Amendment's Due Process Clause must plead two elements: (1) an "objective" element, which requires showing that the risk of harm was sufficiently serious, and (2) a "subjective" element, which requires showing that the officer(s) knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk. *Darnell*, 849 F.3d at 29; *see Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("Evidence that a risk was 'obvious or otherwise must have been known to a defendant' may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk." (quoting *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003))). A corrections officer must act with "more than mere negligence" to establish a constitutional violation. *Walker*, 717 F.3d at 125 (quoting *Farmer*, 511 U.S. at 835); *see Daniels v. Williams*, 474 U.S. 327, 335–36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 28 (2d Cir. 1988) ("[A] prisoner cannot base a federal civil rights action brought under 42 U.S.C. § 1983 on claims of a negligent failure of state prison officials to protect him from injury at the hands of another inmate.").

Here, Plaintiff does not allege sufficient facts to state a failure-to-protect claim because he does not satisfy the second element. While Plaintiff alleges that he "tried to flee from [the other incarcerated individual] while yelling for help to the [corrections] officer, who wasn't in the dorm" and that he "made [his] way to the officer station" and "signal[ed] to the [corrections] officer with [his] bloody shirt because they [were] still unaware of what happened," (Compl., Dkt. 1, at 4),

5

Plaintiff does not allege facts suggesting that any corrections officer knew or should have known that he was at risk of an attack by the other incarcerated individual, or that any corrections officer acted with deliberate indifference to that risk.

The Court grants Plaintiff leave to replead his failure-to-protect claims in an amended complaint if he can allege sufficient facts to meet the standard described above. For example, Plaintiff might be able to show that the corrections officers disregarded a risk of serious harm if he provides "evidence of a previous altercation" with the attacker, "coupled with a complaint by [P]laintiff regarding the altercation or a request by [P]laintiff to be separated from the attacker." *Braswell v. S.C.C.F./Riverhead Cnty. Jail*, No. 2:25-CV-2668 (NJC) (LGD), 2025 WL 2932774, at *5 (E.D.N.Y. Oct. 15, 2025) (quoting *Gilmore v. Rivera*, No. 13-CV-6955, 2014 WL 1998227, at *3 (S.D.N.Y. May 14, 2014)). On the other hand, if the attack was random, Plaintiff will probably not be able to show that the corrections officers knew or should have known of the risk. "As a general matter, surprise attacks do not suggest deliberate indifference by a corrections officer." *Braswell*, 2025 WL 2932774, at *5 (quoting *Murphy v. Spaulding*, No. 20-CV-9013, 2022 WL 294552, at *6 (S.D.N.Y. Feb. 1, 2022)).

## CONCLUSION

The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

If Plaintiff chooses to submit an amended complaint, he must do so within thirty (30) days of this Memorandum and Order; it must be captioned "Amended Complaint"; and it must bear the same docket number as this Memorandum and Order, No. 25-CV-2728 (PKC) (RML). Plaintiff is reminded that an amended complaint completely replaces all prior pleadings and must therefore stand on its own without reference to the original complaint or other submissions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff and note the mailing on the docket.

                                                              SO ORDERED.

                                                */s/ Pamela K. Chen*
                                                Pamela K. Chen
                                                United States District Judge

Dated: December 4, 2025
        Brooklyn, New York